UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT DEPT. DOCKET NO:
2379-CV-00212

GREGG BIGDA
    Plaintiff,

v.

THE CITY OF SPRINGFIELD, et. al.,
    Defendants

ANSWER
AND
COUNTERCLAIMS

NOW COME the defendants, City of Springfield ("City"), Superintendent Cheryl Clapprood ("Superintendent Clapprood") and Mayor Dominic Sarno ("Mayor Sarno" and with City and Superintendent Clapprood, collectively, "Defendants"), and in answer to the Complaint and Demand for Trial by Jury ("Complaint") of the plaintiff, Gregg Bigda ("Plaintiff"), by the counts and paragraphs numbered herein say:

## PARTIES

1. The Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. The Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. The Defendants admit the allegations contained in the first sentence of paragraph 3 of the Complaint. The Defendants neither admit nor deny the remaining allegations contained in paragraph 3 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the Plaintiff to his burden of proof.

4. The Defendants admit the allegations contained in the first sentence of paragraph 4 of the Complaint. The Defendants neither admit nor deny the remaining allegations contained in paragraph 4 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the Plaintiff to his burden of proof.

## JURISDICTION AND VENUE

5. The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 5 of the Complain. To the extent a response is required, the allegations set forth therein against the Defendants are denied.

1

6.  The defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 6 of the Complain.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

## FACTS

7.  Defendants neither admit nor deny the allegations contained in paragraph 7 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the Plaintiff to his burden of proof.

8.  Defendants neither admit nor deny the allegations contained in paragraph 8 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the Plaintiff to his burden of proof.

9.  The allegations in paragraph 9 are legal conclusions to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations.

10. The allegations in paragraph 10 are legal conclusions to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations.

11. The allegations in paragraph 11 are legal conclusions to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations.

12. The allegations in paragraph 12 are legal conclusions to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations.

13. The allegations in paragraph 13 are legal conclusions to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations.

14. The allegations in paragraph 14 are legal conclusions to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations.

15. The allegations in paragraph 15 are legal conclusions to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations.

16. The allegations in paragraph 16 are legal conclusions to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations.

17. Some of the allegations in paragraph 17 are legal conclusions to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations.  The Defendants deny the remaining allegations in paragraph 17.

18. Defendants neither admit nor deny the allegations contained in paragraph 18 of the Complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the Plaintiff to his burden of proof.

19. The Defendants denies the allegations contained in paragraph 19 of the Complaint to the extent that it alleges only Defendants are responsible for the alleged actions or omissions.

20. The Defendants denies the allegations contained in paragraph 20 of the Complaint to the extent that it alleges only Defendants are responsible for the alleged actions or omissions. Defendant further denies the allegations contained in paragraph 20 as the Plaintiff has only been denied access to police buildings, stations and substations located within the City of Springfield.

21. The Defendants denies the allegations contained in paragraph 21 of the Complaint to the extent that it alleges only Defendants are responsible for the alleged actions or omissions. Defendant further denies the allegations contained in paragraph 21 to the extent that the allegations refer to a police department other than the Springfield Police Department as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

22. The Defendants denies the allegations contained in paragraph 22 of the Complaint to the extent that it alleges only Defendants are responsible for the alleged actions or omissions.

23. The Defendants admit the allegations contained in paragraph 23 insofar as the statement in the Complaint was part of a larger statement of belief by Mayor Sarno regarding the Plaintiff.

24. The Defendants deny the allegations contained in paragraph 24 of the Complaint to the extent that it alleges the knowledge and intent of Mayor Sarno.  The remaining allegations in paragraph 25 are legal conclusions to which no response is required.  To the extent a response may be deemed to be required, Defendants deny the allegations.

25. The Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. The Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. The Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. The Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. The Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. The Defendants admit the allegations contained in paragraph 31 of the Complaint.

32. The Defendants admit the allegations contained in paragraph 32 of the Complaint.

33. The Defendants admit the allegations contained in paragraph 33 of the Complaint.

34. The Defendants admit the allegations contained in paragraph 34 of the Complaint.

35. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 35 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

36. The Defendants is without sufficient knowledge or information to admit or deny the allegations of paragraph 36 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

37. The Defendants denies the allegations contained in paragraph 37 of the Complaint.

38. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 38 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

39. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 39 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

40. The Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 40 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

41. The Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 41 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

42. The Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 42 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

43. The Defendants admit the allegations contained in paragraph 43 of the Complaint.

44. The Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. The Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. The Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. The Defendants admit the allegations contained in paragraph 47 of the Complaint insofar as the statement was made.  The Defendants deny that the allegations contained in the statement were false.

48. The Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. The Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. The Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. The Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. The Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. The Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 54 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

55. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 55 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

56. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 56 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

57. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 57 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

58. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 58 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

59. The Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. The Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 61 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

62. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 62 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

63. The Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 64 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

65. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 65 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

66. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 66 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

67. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 67 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

68. The Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. The Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. The Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. The Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 72 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

73. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 73 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

74. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 74 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

75. The Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. The Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. The Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. The Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 79 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

80. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 80 of the Complaint. To the extent a response is required, the allegations set forth therein against the Defendants are denied.

81. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 81 of the Complaint. To the extent a response is required, the allegations set forth therein against the Defendants are denied.

82. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 82 of the Complaint. To the extent a response is required, the allegations set forth therein against the Defendants are denied.

83. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 83 of the Complaint. To the extent a response is required, the allegations set forth therein against the Defendants are denied.

84. The Defendants admit the allegations contained in paragraph 84 of the Complaint.

85. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 85 of the Complaint. To the extent a response is required, the allegations set forth therein against the Defendants are denied.

86. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 86 of the Complaint. To the extent a response is required, the allegations set forth therein against the Defendants are denied.

87. The Defendants admit the allegations contained in paragraph 87 of the Complaint insofar as a letter was sent to the Plaintiff, but deny the Plaintiff's representation of the contents of the letter as the letter speaks for itself. Defendants deny the allegations as to the intent and knowledge of the Defendants.

88. The Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. The Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. The Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. The Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. The Defendants admit the allegations contained in paragraph 92 of the Complaint.

93. The Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 94 of the Complaint. To the extent a response is required, the allegations set forth therein against the Defendants are denied.

95. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 95 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

96. The Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. The Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. The Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. The Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. The Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. The Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 102 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

<u>COUNT I</u>

<u>Violations of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution, Substantive and Procedural Due Process – All Defendants</u>

103. Defendants reallege and incorporate herein by reference all of the preceding paragraphs as if fully set forth herein.

104. The Defendants deny the allegations contained in paragraph 104 of the Complaint.  As Plaintiff has alleged a legal conclusion, Defendants state that Plaintiff "has no constitutional right to be a policeman." <u>Broderick v. Police Commissioner of Boston</u>, 368 Mass. 33, 36 (1975).

105. The Defendants deny the allegations contained in paragraph 105 of the Complaint.

106. The Defendants deny the allegations contained in paragraph 106 of the Complaint.

107. The Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. The Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. The Defendants deny the allegations contained in paragraph 109 of the Complaint.

110. The Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    The Defendants deny the allegations contained in paragraph 112 of the Complaint.

112.    The Defendants deny the allegations contained in paragraph 113 of the Complaint.

COUNT II

Violations of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution,
Equal Protection – All Defendants

113.    Defendants reallege and incorporate herein by reference all of the preceding paragraphs
as if fully set forth herein.

114.    The Defendants deny the allegations contained in paragraph 114 of the Complaint.  As
Plaintiff has alleged a legal conclusion, Defendants state that Plaintiff "has no constitutional
right to be a policeman." Broderick v. Police Commissioner of Boston, 368 Mass. 33, 36
(1975).

115.    The Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.    The Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.    The Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.    The Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.    The Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.    The Defendants are without sufficient knowledge or information to admit or deny the
allegations of paragraph 120 of the Complaint.  To the extent a response is required, the
allegations set forth therein against the Defendants are denied.

121.    The Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.    The Defendants are without sufficient knowledge or information to admit or deny the
allegations of paragraph 122 of the Complaint.  To the extent a response is required, the
allegations set forth therein against the Defendants are denied.

123.    The Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.    The Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.    The Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.    The Defendants deny the allegations contained in paragraph 126 of the Complaint.  As
Plaintiff has alleged a legal conclusion, Defendants state that, even if Plaintiff was treated
differently, which they deny, "[t]he equal protection clause of the Fourteenth Amendment

does not require that every citizen be treated identically but, rather, that an adequate explanation be given for treating citizens differently." <u>Brackett v. Civil Service Com'n</u>, 447, Mass. 233, 243 (2006).

127.    The Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.    The Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.    As Plaintiff has made no allegation in paragraph 129, Defendants make no response.

<u>COUNT III</u>

<u>Violations of the Massachusetts Civil Right Act G.L. c. 12 §§ 11H and 11I  – Mayor Sarno and Superintendent Clapprood</u>

130.    Defendants reallege and incorporate herein by reference all of the preceding paragraphs as if fully set forth herein.

131.    The Defendants deny the allegations contained in paragraph 131 of the Complaint.

132.    The Defendants deny the allegations contained in paragraph 132 of the Complaint.

133.    The Defendants deny the allegations contained in paragraph 133 of the Complaint.

134.    The Defendants deny the allegations contained in paragraph 134 of the Complaint.

135.    The Defendants deny the allegations contained in paragraph 135 of the Complaint.

136.    The Defendants deny the allegations contained in paragraph 136 of the Complaint.  As Plaintiff has alleged a legal conclusion, Defendants state that, Defendants have a legitimate government interest as "police legitimacy would be damaged severely by reports that the city continued to employ a police officer who had illegally abused his power and repeatedly lied about it under oath." <u>City of Boston v. Boston Police Patrolmen's Ass'n</u>, 443 Mass. 813, 823 (2005).

137.    The Defendants deny the allegations contained in paragraph 137 of the Complaint.

<u>COUNT IV</u>

<u>Tortious Interference with Advantageous Relationship – Mayor Sarno and Superintendent Clapprood</u>

138.    Defendants reallege and incorporate herein by reference all of the preceding paragraphs as if fully set forth herein.

139.    The Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 139 of the Complaint.  To the extent a response is required, the allegations set forth therein against the Defendants are denied.

140.    The Defendants deny the allegations contained in paragraph 140 of the Complaint.

141.    The Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.    The Defendants deny the allegations contained in paragraph 142 of the Complaint.

143.    The Defendants deny the allegations contained in paragraph 143 of the Complaint.

<u>COUNT V</u>

<u>Civil Conspiracy – All Defendants</u>

144.    Defendants reallege and incorporate herein by reference all of the preceding paragraphs as if fully set forth herein.

145.    The Defendants deny the allegations contained in paragraph 145 of the Complaint.

146.    The Defendants deny the allegations contained in paragraph 146 of the Complaint.

147.    The Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.    The Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.    The Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.    The Defendants deny the allegations contained in paragraph 150 of the Complaint.

151.    The Defendants deny the allegations contained in paragraph 151 of the Complaint.

152.    The Defendants deny the allegations contained in paragraph 152 of the Complaint.

<u>COUNT VI</u>

<u>Intentional Infliction of Emotional Distress – All Defendants</u>

153.    Defendants reallege and incorporate herein by reference all of the preceding paragraphs as if fully set forth herein.

154.    The Defendants deny the allegations contained in paragraph 154 of the Complaint.

155.    The Defendants deny the allegations contained in paragraph 155 of the Complaint.

156.    The Defendants deny the allegations contained in paragraph 156 of the Complaint.

## COUNT VII

## Defamation – Superintendent Clapprood

157.    Defendants reallege and incorporate herein by reference all of the preceding paragraphs as if fully set forth herein.

158.    The Defendants deny the allegations contained in paragraph 158 of the Complaint.

159.    The Defendants deny the allegations contained in paragraph 159 of the Complaint.

160.    The Defendants deny the allegations contained in paragraph 160 of the Complaint.

161.    The Defendants deny the allegations contained in paragraph 161 of the Complaint.

## COUNT VIII

## Violation of G.L. c. 268A § 25 – City of Springfield

162.    Defendants reallege and incorporate herein by reference all of the preceding paragraphs as if fully set forth herein.

163.    The Defendants deny the allegations contained in paragraph 163 of the Complaint.

164.    The Defendants deny the allegations contained in paragraph 164 of the Complaint.

165.    The Defendants deny the allegations contained in paragraph 165 of the Complaint.

166.    The Defendants deny the allegations contained in paragraph 166 of the Complaint.

167.    The Defendants deny the allegations contained in paragraph 167 of the Complaint.

168.    The Defendants deny the allegations contained in paragraph 168 of the Complaint.

169.    The Defendants deny the allegations contained in paragraph 169 of the Complaint.

The remainder of Plaintiff's Complaint contains prayers for relief, to which no response is required.  To the extent a response is required, Defendants respectfully requests that this Honorable Court deny Plaintiff's prayers for relief, find in favor of the Defendants, and dismiss the Complaint in its entirety.

## AFFIRMATIVE DEFENSES

As affirmative and additional defenses to the Complaint, and without assuming the burden of pleading or proof, the Defendants allege the following:

### First Affirmative Defense
### Failure to State a Claim Upon Which Relief May Be Granted

The Complaint fails to state a claim upon which relief may be granted and, therefore, the Complaint should be dismissed.

### Second Affirmative Defense
### Estoppel

The Plaintiff is precluded by estoppel from asserting the claims alleged in the Complaint.

### Third Affirmative Defense
### Frivolous Action

The Plaintiff's claims are frivolous and lack a good faith basis and, therefore, the Complaint should be dismissed and the Defendants should be awarded attorneys fees and costs.

### Fourth Affirmative Defense
### Doctrine of Unclean Hands

In its dealings with the Defendants, the Plaintiff has acted with unclean hands and, therefore, the Plaintiff should not be entitled to recover.

### Sixth Affirmative Defense
### Waiver

Through his conduct, the Plaintiff has waived any claim it may have had to payment on any and all claims.

### Seventh Affirmative Defense
### Acts of Third Parties

To the extent the Plaintiff suffered damages, which the Defendants deny, said damages were caused by the acts of the Plaintiff or one or more third parties for whose conduct the Defendants are not responsible and, therefore, the Plaintiff is not entitled to recover.

### Eighth Affirmative Defense
### Statute of Limitations

The Plaintiff failed to bring all or some of his claims within the time required by law and therefore the Complaint should be dismissed.

**Ninth Affirmative Defense**
**Failure to Comply with G.L. c. 258 (Massachusetts Tort Claims Act)**

Defendant failed to comply with the requirement of presentment pursuant to G.L. c. 258, § 4 and failed to comply with venue and jurisdiction requirements of G.L. c. 258, § 3 and therefore the Complaint should be dismissed.

**Tenth Affirmative Defense**
**Lack of Jurisdiction**

G.L. c. 258, § 4 provides that "the superior court [of Massachusetts] shall have jurisdiction of all civil actions brought against a public employer." As a result, this Court lacks jurisdiction to hear all or some of Plaintiff's claims and the Complaint should be dismissed.

**Eleventh Affirmative Defense**
**Laches**

The Plaintiff has delayed in asserting his claims, and, because of this delay is no longer entitled to bring his claims and the Complaint should be dismissed.

**Twelfth Affirmative Defense**
**Qualified Immunity**

Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. As Plaintiff has not pleaded a clearly established statutory or constitutional right which has been violated by the Defendants, the Complaint should be dismissed.

**Thirteenth Affirmative Defense**
**Acts Were Reasonable and Within Scope of Official Discretion**

The Defendants acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law.

**Fourteenth Affirmative Defense**
**Acts Were Objectively Reasonable**

Based on information and belief, the Defendants' actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

### Fifteenth Affirmative Defense
### Acts Were in Good Faith

The Defendants acted in good faith reliance on legislative or statutory authority.

### Sixteenth Affirmative Defense
### No Malice

At no time material hereto were any actions of the City or any agent or representative of the City motivated by bias, ill-will, malice or animus.

### Seventeenth Affirmative Defense
### Acts Were Non-Discriminatory

At all times material hereto, the employment actions taken by the Defendants with regard to the Plaintiff were the result of legitimate non-discriminatory reasons.

### Eighteenth Affirmative Defense
### Acts Were Legal

At all times material hereto, the actions taken by the Defendants with regard to the Plaintiff were in accord with state and federal law, all relevant collective bargaining agreements and Civil Service protections.

### Nineteenth Affirmative Defense
### Acts Were In Public Interest

Defendant at all times acted in the public interest of promoting and protecting public safety and good order in accordance with existing laws.

### Twenty First Affirmative Defense
### Plaintiff Acted Illegally

Plaintiff's claimed injuries or damages were caused, in whole or in part, by Plaintiff's violation of statutes, ordinances, regulations, policies or other legal authority governing the conduct of the parties at the time that said alleged injures or damages were sustained.

### Additional Affirmative Defenses

Pursuant to Fed.R.Civ.P. 13(e), Defendants reserve the right and hereby gives notice to Plaintiff of their intent to raise additional affirmative defenses as said defenses become known and/or available.

## COUNTERCLAIMS

1. Gregg Bigda is the Defendant-in-Counterclaim ("Bigda").

2. The City of Springfield is the Plaintiff-in-Counterclaim ("City").

3. Bigda has been employed by the Springfield Police Department ("Springfield PD") since July 18, 1994.

4. Bigda's disciplinary record includes 31 complaints, dated between 2000 and 2018.

5. Of those 31 complaints, 14 complaints are categorized as alleging "physical" or "physical/hands" or "physical/equipment."

6. Of the 14 complaints alleging "physical" or "physical/hands" or "physical/equipment," Springfield PD found three to be "unfounded," eight to be "not sustained," Bigda to be "exonerated" on two, and one to be "sustained."

7. In addition to the 14 complaints referenced above another sustained complaint, investigation number SO#16-032, categorized as a "Rules and Regulations" violation charge, arose from the domestic incident involving Bigda and his ex-girlfriend described below. This investigation resulted in a 10-day suspension.

8. IIU documents show that Bigda has been the subject of twenty-five civilian complaints, of which thirteen involved allegations of physical contact. For example, in 2006, an IIU complainant accused Bigda of mistaking an innocent man for a suspect, and with another officer, dragging him from a car.

9. The complaint alleged that Bigda handcuffed the man and beat him in the head and neck. The IIU investigated the complaint and found it "not sustained".

10. In 2006, Bigda was accused of chasing a complainant's son, and when the complainant's son entered her apartment, Bigda was alleged to have broken down her door, choked the son, kicked him, thrown him to the floor, and broken his jaw. It was further alleged that Bigda pointed his gun at the complainant. Again, the IIU's conclusion was that this complaint was "not sustained".

11. Bigda has been sued for excessive use of force in three lawsuits, two of which settled and one of which resulted in a verdict in his favor. Bigda was sued under § 1983 in 1997 for violating the plaintiff's civil rights. This case was settled out of court. In 2013, Bigda was accused of repeatedly pointing his gun at unarmed and compliant people during a warrantless search; this case also settled out of court. In 2012, Bigda and other officers were alleged to have removed the plaintiff from his vehicle, pulled his pants down in the middle of the street, kicked and punched him over his entire body, and then strip searched and beat him at the police station.

12. This case was tried in this court, and the jury returned a verdict in favor of Bigda on all triable issues.

13. In three state court criminal cases identified by Plaintiff, judges of the Superior Court Department of the Massachusetts Trial Court ("Superior Court") have concluded that Bigda provided false testimony.

14. In 2007, a Superior Court judge suppressed evidence in Commonwealth v. Earley, Indictment No. 05-535, and Commonwealth v. Davis, Indictment No. 05-536, based on an unlawful search that Bigda ordered. The judge found that Bigda ordered a United Parcel Service manager to open a package without a warrant and then lied about his actions in court (id.).

15. In 2015, in the case of Commonwealth v. Brown, Crim. No. 14-1204, a Superior Court judge allowed a motion to suppress. The judge concluded that Bigda's testimony was false because it was irreconcilable with testimony offered by [co-defendant Sergeant Steven] Kent (which the judge also concluded was false).

16. On or about February 27, 2016, an unmarked police cruiser was stolen by three juveniles who were later arrested and interrogated by Bigda in Palmer, Massachusetts.

17. On or about February 27, 2016, Bigda engaged in separate interrogations of two minors at the Palmer Police Department.

18. A video of Bigda's interrogation of the two juveniles was publicly released and posted on YouTube.

19. On August 12, 2016, the Springfield PD, Bigda, and the International Brotherhood of Police Officers Local #364 entered into a Memorandum of Agreement. Memorandum of Agreement, Aug. 12, 2016.

20. Under the Memorandum of Agreement, Bigda agreed that there was "just cause" for the imposition of a "sixty (60) working [h]ours unpaid suspension" based on his "conduct on or about February 27, 2016 during the interrogation of a minor at the Palmer Police Department."

21. On September 8, 2016, Bigda began a 60-day unpaid suspension.

22. On October 25, 2018, Bigda was federally indicted for his conduct, on four counts: one for Deprivation of Rights Under Color of Law (Excessive Force) (18 U.S.C. § 242); two for Deprivation of Rights Under Color of Law (Abusive Interrogation) (18 U.S.C. § 242); and one for a False Report (18 U.S.C. § 1519). United States v. Bigda, et al., 3:18-cr-30051-MGM (D. Mass.), Oct. 25, 2018.

23. On October 31, 2018, the City of Springfield suspended Bigda without pay indefinitely.

17

24. On December 13, 2021, Bigda was found not guilty on all counts by a federal jury. Jury Verdict, United States v. Bigda, et al., 3:18-cr-30051-MGM, Dec. 13, 2021.

25. Following his acquittal, on December 17, 2021, the City of Springfield notified Bigda that he would return to the status of being on administrative leave with pay.

26. The February 27, 2016 Palmer incidents also led to two federal civil lawsuits filed against Bigda and the City of Springfield, among other defendants.

27. One civil lawsuit was filed by D.R., one of the juveniles interrogated by Bigda in Palmer. This lawsuit was settled and dismissed. D.R. v Bigda, et al., 3:20-cv- 30085-MGM (D. Mass.), Dkt. No. 80, Feb.3, 2022.  The City paid out $262,500 to the plaintiff of that case.

28. Another civil lawsuit was filed by F.E., one of the three juveniles arrested in connection with the Palmer incidents but not one who was a subject of interrogation in the YouTube video. On March 3, 2022, the City and the plaintiff in that case reached a settlement agreement, and the plaintiff dismissed his claims against all parties, including Bigda, after the plaintiff received the settlement payment by the City.

29. In an affidavit filed on October 28, 2016, in Douglas v. City of Springfield, a federal civil rights action, former Springfield PD Chief John Barbieri observed, regarding the Palmer incidents, that the Hampden County District Attorney "ordered the video tape of the interrogation [to be] turned over to defense attorneys in criminal cases where [Bigda] was a percipient witness." He further noted that, as a result of this incident, "chaos [] has been created, and the integrity of the criminal justice system has been shaken at a time of heightened concern over police misconduct across our nation."

30. On March 12, 2016, Bigda was the alleged aggressor in a domestic incident where he was alleged to have engaged in breaking and entering into his ex-girlfriend's residence.

31. On March 14, 2016, a judge in Palmer District Court issued an Abuse Prevention Order ("Order") to Bigda, with the Order expiring on March 23, 2016. Abuse Prevention Order, Docket No. 1643 RO 86.

32. The court issued a modification of the Order stating, "3/23/16 – After full hearing this order will NOT be extended □ It appears the 3/12/16 [sic] was isolated and no harm occurred."

33. Bigda was arrested on March 15, 2016 based on the events of March 12, 2016.

34. On March 16, 2015, Bigda was charged with the following criminal violations:

[Breaking & Entering] for Misdemeanor (Trespass), M.G.L. c. 266, § 16A Trespass, M.G.L. c. 266, § 120

[Breaking & Entering] for Misdemeanor (Trespass), M.G.L. c. 266, § 16A Trespass, M.G.L. c. 266, § 120

35. On March 30, 2016, the court reinstated the Order, by joint request of parties. This modified Order was set to expire on May 12, 2016. Abuse Prevention Order, Docket No. 1643 RO 86, Mar. 14, 2016.

36. On April 3, 2016, at around 12:45 AM, while the Order was in effect, the ex- girlfriend "heard burning tires out front of my home," looked outside of her window and saw Bigda's vehicle outside of her house "speed off."

37. On April 4, 2016, Bigda was arrested.

38. On April 4, 2016, the court modified the Order, directing Bigda to "surrender firearm to spfld [Springfield] PD/or Wil[braham] PD" and to "remain 100 yds from plaintiff (except when at work – then yardage is reduced to 20 feet)." This modified Order was set to expire on April 13, 2016. Abuse Prevention Order, Docket No. 1643 RO 86, Mar. 14, 2016.

39. On April 5, 2016, a misdemeanor criminal charge was filed against Bigda, pursuant to M.G.L. c. 209A, § 7, for violation of the Order.

40. On April 13, 2016, the Order was extended "by agreement of counsel w/out evid. hearing" to May 17, 2016.

41. On May 10, 2016, the Order was extended until July 18, 2016, based on a "joint request for extension."

42. Pursuant to Springfield PD Special Order #16-032, the March 12, 2016 and April 3, 2016 incidents were investigated internally by the Springfield PD. Special Report to Police Commissioner John R. Barbieri, Springfield Police Department IIU, May 30, 2016.

43. On July 29, 2016, Bigda, the president of the International Brotherhood of Police Officers Local 364, and Police Commissioner John R. Barbieri entered into an agreement "to fully and completely resolve all issues arising out of an incident which was the subject of Special Order 16-032." Under the agreement, Bigda agreed to serve a ten-workday suspension with pay.

44. On May 31, 2023, the Executive Director of the POST Commission, in declining to recertify Bigda, found that Bigda's history of employment at the Springfield Police Department displayed "a clear pattern of misconduct."

## COUNT I
## Contribution

45. Plaintiff-in-Counterclaim realleges and incorporates herein by reference all of the preceding paragraphs as if fully set forth herein.

46. Plaintiff-in-Counterclaim has expended time, material, and resources defending, investigating, and disciplining the Defendant-in-Counterclaim.

47. Plaintiff-in-Counterclaim has appropriated and paid several hundreds of thousands of dollars in order to settle lawsuits arising as direct result of the misconduct of the Defendant-in-Counterclaim.

48. The resources and funds expended on Defendant-in-Counterclaim's behalf were due to willful, wanton, or malicious conduct by the Defendant-in-Counterclaim and, as a result Defendant-in-Counterclaim is not entitled to be indemnified by the Plaintiff-in-Counterclaim.

49. Plaintiff-in-Counterclaim is entitled contribution from the Defendant-in-Counterclaim pursuant to G.L. c. 231B, § 1(a).

## COUNT III
## Breach of Fiduciary Duty

50. Plaintiff-in-Counterclaim realleges and incorporates herein by reference all of the preceding paragraphs as if fully set forth herein.

51. Defendant-in-Counterclaim was employed as a police officer by the City of Springfield, at all times relevant hereto, and he occupied a position of trust and confidence.

52. Defendant-in-Counterclaim as an employee of the City of Springfield owed the Plaintiff-in-Counterclaim a fiduciary duty.

53. Defendant-in-Counterclaim's actions as set out above have brought the Plaintiff-in-Counterclaim into disrepute, have damaged police legitimacy throughout the City, and resulted in a lawsuit by the Department of Justice against Plaintiff-in-Counterclaim.

54. Defendant-in-Counterclaim's actions as set out above violated the fiduciary duty he owed to the Plaintiff-in-Counterclaim.

55. Plaintiff-in-Counterclaim is entitled to recover the costs incurred as a result of the serious disruption and damage to the City of Springfield and the Springfield Police Department's operations, which was a direct consequence of the breaches of fiduciary duty by the Defendant-in-Counterclaim.

56. Plaintiff-in-Counterclaim is entitled to recover the compensation paid to Defendant-in-Counterclaim during the period subsequent to breaches of fiduciary duty by the Defendant-in-Counterclaim.

57. Plaintiff-in-Counterclaim is entitled to be compensated for the value of the services of its employees, in both the Springfield Police Department and the Law Department, which would have otherwise been dedicated to other aspects of their respective operations.

WHEREFORE, Plaintiff-in-Counterclaim requests that this Court:

1. Enter Judgment in its favor in such amount as may be proved at trial;

2. Award attorneys' fees as allowed by law;

3. Award costs of this action;

4. Award such other and further relief as this court deems just and proper.

## **JURY DEMAND**

The Plaintiff-In-Counterclaim demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 23, 2023

City of Springfield

*/s/ John M. Payne, Jr.*
John M. Payne, Jr., Esq.
BBO#392290
Devon W. Grierson, Esq.
BBO#: 682724
City of Springfield, Law
Department
36 Court Street, 2nd Floor
Springfield, MA 01103
dgrierson@springfieldcityhall.com
(413) 787-6085 (tel)
(413) 787-6173 (fax)

<u>Certificate of Service</u>

I, Devon W. Grierson, Esq., hereby certify that on this 23rd of August, 2023 I have served a copy of the foregoing electronically through the CM/ECF system to the registered participants as identified on the NEF (NEF_ and paper copies will be sent to those indicated as non-registered participants.

Donald C. Keavany, Jr.
Andrew P. DiCenzo
Christopher Hays, Wojcik & Mavricos, LLP
370 Main Street, Suite 970
Worcester, MA 01608
dkeavany@chwmlaw.com
adicenzo@chwmlaw.com

City of Springfield

*/s/ John M. Payne, Jr.*
John M. Payne, Jr., Esq.
BBO#392290
Devon W. Grierson, Esq.
BBO#: 682724
City of Springfield, Law Department
36 Court Street, 2nd Floor
Springfield, MA 01103
jpayne@springfieldcityhall.com
dgrierson@springfieldcityhall.com
(413) 787-6085 (tel)
(413) 787-6173 (fax)