UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGG BIGDA,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SPRINGFIELD, DOMENIC SARNO, and CHERYL CLAPPROOD,<br><br>    Defendants. | Civil Action No. 23-30067-MGM |

ORDER

March 13, 2024

MASTROIANNI, U.S.D.J.

    The court directs the parties to address the following: (1) whether this dispute is currently ripe for adjudication by an Article III court; and (2) whether the court should abstain from hearing this matter pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

    As to ripeness, "the doctrine of ripeness has roots in both the Article III case or controversy requirement and in prudential considerations." *Roman Cath. Bishop of Springfield v. City of Springfield*, 724 F.3d 78, 89 (1st Cir. 2013) (internal quotation omitted). "There are two factors to consider in determining ripeness: 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* The First Circuit "generally require[s] both prongs to be satisfied in order for a claim to be considered ripe." *Id.* (internal citations omitted). In *Roman Catholic Bishop of Springfield*, the First Circuit described the "fitness" prong in these terms:

> The fitness prong of the ripeness test has both jurisdictional and prudential components. The former, grounded in the prohibition against advisory opinions, is one of timing. It concerns whether there is a sufficiently live case or controversy, at the time of the proceedings, to create jurisdiction in the federal courts. The prudential component asks whether resolution of the dispute should be postponed in the name of judicial restraint from unnecessary decision of constitutional issues; if elements of

the case are uncertain, delay may see the dissipation of the legal dispute without need for decision.

*Id.* at 89-90 (internal citations and quotations omitted). In contrast, the "hardship" prong is "wholly prudential…' [and] [i]t looks at 'whether the challenged action creates a direct and immediate dilemma for the parties.'" *Id.* at 90 (internal citations omitted). "[M]ere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship." *Id.* (internal quotations and citations removed). In light of Plaintiff's ongoing state administrative proceeding, the court directs the parties to address whether this dispute is sufficiently ripe for adjudication.

As to abstention, "[u]nder *Younger* principles, a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall v. Mass. Bd. of Reg. of Psychologists*, 604 F.3d 658, 665 (1st Cir. 2010) (quoting *Brooks v. N.H. Supreme Court*, 80 F.3d 633, 637 (1st Cir. 1996)). *Younger* applies to (1) state criminal proceedings, (2) "civil enforcement proceedings" with attributes akin to a criminal proceeding, and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78-80 (2013) (internal quotations omitted) (omission in original); *see also Sirva Relocation, LLC v. Richie,* 794 F.3d 185, 193-94 (1st Cir. 2015) (explaining when civil enforcement proceedings are covered by *Younger*). Once categorized, "[c]ourts have developed a tripartite model for determining the appropriateness of *Younger* abstention. This model requires that '(1) the [ongoing state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges.'" *Id.* (quoting *Bettencourt v. Bd. of Reg. in Med. of Com. of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990)). The First Circuit has held "it is beyond peradventure" that *Younger* may apply to state licensing proceedings that are quasi-judicial in nature. *Id.*; *see also Bettencourt*, 904 F.2d at 777-780; *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 30-36 (1st Cir. 2004); *Mullane v. Mass. Bd. of Bar Examiners*, No. 20-CV-11382-DJC, 2021 WL 4132579, at *2-3 (D. Mass. Sept. 10, 2021), *aff'd in part,*

2

*appeal dismissed in part*, No. 21-1968, 2023 WL 3868638 (1st Cir. May 4, 2023). Moreover, courts have applied *Younger* in the specific context of law enforcement employment and disciplinary proceedings.[1] When applicable, *Younger* abstention results in dismissal of claims seeking equitable relief, but "[w]hen a court orders abstention on a damages claim, it ordinarily may only stay the action, rather than dismiss the action in its entirety." *Rossi v. Gemma*, 489 F.3d 26, 37-38 (1st Cir. 2007). Accordingly, the court directs the parties to address whether abstention is warranted because of the ongoing Massachusetts Peace Officer Standard and Training Commission proceeding involving Plaintiff.

The parties shall file the requested briefing by **March 27, 2024**.

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge

---

[1] *See, e.g., Gonzalez v. Waterfront Comm'n of New York Harbor,* 755 F.3d 176, 180-81 (3d Cir. 2014) (concluding police disciplinary proceeding warranted abstention); *Graham v. Emery Cnty.*, No. 2:05CV147DAK, 2006 WL 1889777, at 2-4 (D. Utah July 7, 2006) (abstaining because of ongoing state administrative and judicial process challenging police officer's termination); *Murphy v. City of Manchester*, 70 F. Supp. 2d 62, 66-72 (D.N.H. 1999) (abstaining from disciplinary proceeding leading to termination); *Fontaine v. City of Chester*, No. CIV.A. 85-2453, 1986 WL 9486, at *2-3 (E.D. Pa. Aug. 28, 1986) (abstaining because of ongoing civil service hearings); *Rosko v. Pagano*, 466 F. Supp. 1364, 1371-72 (D.N.J. 1979) (abstaining because of ongoing state police disciplinary proceedings).